UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Christopher Knox # B61090,  )
    Plaintiff,  )
      )
    v.  )    Case No. 06 C 5247
      )
Wendy Fox, et al.,  )    Judge Blanche M. Manning
    Defendants.  )

**MEMORANDUM AND ORDER**

Plaintiff Christopher Knox, who is currently an inmate at the Tamms Correctional Center, but formerly was an inmate at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C.§ 1983. On September 21, 2006, he signed a complaint alleging that the fourteen defendants (various officials at Stateville) violated his constitutional rights by failing to provide him with adequate medical care on February 18, 2005, after he complained of having injuries subsequent to a seizure. This matter is before the court for consideration of the parties' cross-motions for summary judgment and Mr. Knox's motion to strike the defendants' motion for summary judgment. For the following reasons, the defendants' motion for summary judgment is denied and Mr. Knox's motions are denied. Further the court has provided further instruction for the parties related to this ruling.

**I.    Background**

Mr. Knox's lawsuit involves medical care that he received at Stateville. More specifically, on February 18, 2005, Mr. Knox claims that he suffered from a seizure. As a result of the seizure, he suffered several injuries, which he describes as migraine headaches, back

1

injuries, a concussion, bruises on his left leg, dizzy spells and swelling of his jaw. Relevant to this court's review of the defendants' motion for summary judgment is the fact that Mr. Knox has previously filed two additional cases, *Knox v. Roberson,* 04 C 7765, and *Knox v. Michel,* 06 C 18. Mr. Knox entered into a settlement agreement resolving both cases and releasing certain claims against the Illinois Department of Corrections ("IDOC") and its present or former employees. In connection with the settlement agreement resolving Nos. 04 C 7765 and 06 C 18, the parties or their counsel in those cases executed four documents (collectively, the "Settlement Documents"):

1. An indemnity act settlement, release and certification signed by Mr. Knox on August 4, 2006 and by Lisa Madigan by an Assistant Attorney General, on October 16, 2006 (the "Release");

2. A settlement agreement and general release, signed by Mr. Knox on August 14, 2006, by the Chief Legal Counsel of IDOC on August 25, 2006, and by an Assistant Attorney General on August 22, 2006 (the "Settlement Agreement");

3. A release of attorney's lien and waiver of costs signed by Mr. Knox on August 14, 2006 ("Release of Attorney's Lien");

4. A stipulation to dismiss signed by Mr. Knox on August 14, 2006, and by an Assistant Attorney General on August 22, 2006 (the "Stipulation to Dismiss");

Both the defendants and Mr. Knox attached copies of these same documents to their summary judgment filings. Defendants, although instructed in a previous order of this court to submit authenticating affidavits with their evidence, did not do so. However, pro se Plaintiff Mr. Knox did submit an "affidavit of authentication," although it was partially defective. In his affidavit, Mr. Knox swears under penalty of perjury that he is competent to testify and that the statements in his affidavit and response to the defendants' motion for summary judgment are true and correct to the best of his knowledge and belief.

Paragraph 8 of the Settlement Agreement for Nos. 04 C 7765 and 06 C 18, submitted by both sides and which both sides claim is the relevant authenticating statement, provides, among other things:

> The Plaintiff, his heirs, successors and assigns, agrees to release, and hereby releases and forever discharges the Defendants in their individual and official capacities, the IDOC, the State of Illinois, their agents, former and present employees, successors, heirs and assigns and all other persons (hereinafter collectively referred to as "Releasees") from all actions, claims, demands, setoffs, suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged or claims made in the Actions, or any other pending litigation, which the Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement, including but not limited to, those at law, in tort (including actions under 42 U.S.C. Section 1983 ) or in equity.

Defendants' Ex. B. at ¶ 8.

The court takes judicial notice of the complaint in No. 06 C 18, which contains, among other things, a claim of deliberate indifference to a serious medical need.

## II.     Standard for a Motion for Summary Judgment

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *O'Connor v. DePaul Univ.,* 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.,* 115 F. 3d 1283,1289 (7th Cir. 1997); *Condo v. Sysco Corp.,* 1 F. 3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters,* 97 F. 3d 987, 990 (7th Cir. 1996). "In granting

summary judgment, a 'court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits.' *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir.2000) ." *Smith v. City of Chicago,* 242 F. 3d 737, 740 (7th Cir. 2001). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee,* 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.,* 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

## III. Discussion

All of the defendants were employed at Stateville at the time of the events that form the basis of the complaint. Thus, the parties' motions for summary judgment turn on whether the release in the Settlement Agreement bars Mr. Knox from bringing the instant lawsuit. To resolve this issue, the court must first determine whether Mr. Knox has challenged the authenticity of the evidence submitted by the defendants, or whether Mr. Knox's affidavit submitted with his response, along with the exhibits attached to his response, have together overcome any issue of authentication. If the Settlement Agreement is properly before the court, then the court must determine if the claims raised in this action are within the scope of the prior settlement and limited thereby.

### B. Authentication

The defendants failed to provide a document, such as an affidavit, authenticating the materials they submitted, which included the four Settlement Documents. At the summary

4

judgment stage, the parties must produce "evidence of evidentiary quality" which means evidence that is admissible at trial. *See Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994). Mr. Knox, an experienced litigator, was aware of this rule and thus also submitted the four Settlement Documents along with an affidavit of authentication.

Although he failed to have his affidavit notarized, the court reads his affidavit liberally because Mr. Knox is proceeding *pro se.* In the affidavit, Mr. Knox swears under penalty of perjury that all of his statements are true and correct to the best of his knowledge and belief and that the statements in his response to the defendants' motion for summary judgment are true and correct to the best of his knowledge and belief. Thus, Mr. Knox does not challenge the authenticity of the Settlement Documents submitted to the court. The court will thus consider them in connection with the parties' cross-motions for summary judgment. *See In Re Sunset Bay Assocs. v. Eureka Fed. Sav. & Loan Ass'n,* 944 F. 2d 1503, 1513-14 (9th Cir. 1991) (holding that, once a party had admitted that the opposing party's unauthenticated exhibit contains truthful information, the court may consider the material in that exhibit because 'an admission is, of course, admissible in evidence'"); *Woods v. City of Chicago,* 234 F. 3d 979, 989 (7th Cir. 2000). With this in mind, the court turns to whether the Settlement Documents bar the instant action.

### B. Scope of the Prior Settlement

The Settlement Documents contain a release of certain claims by Mr. Knox. Specifically, the Settlement Agreement, as the court has previously noted, provides that:

> The Plaintiff, his heirs, successors and assigns, agrees to release, and hereby releases and forever discharges the Defendants in their individual and official capacities, the IDOC, the State of Illinois, their agents, former and present employees, successors, heirs and assigns and all other persons (hereinafter collectively referred to as "Releasees") from all actions, claims, demands, setoffs,

5

    suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged or claims made in the Actions, or any other pending litigation, which the Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement, including but not limited to, those at law, in tort (including actions under 42 U.S.C. Section 1983) or in equity.

Defendants' Ex. B. at ¶ 8.

  The parties agree that the defendants in this case were either former or present IDOC employees as of the date that the Settlement Agreement was signed. They disagree, however, as to the scope of the release. The defendants contend that Mr. Knox released all claims, known or unknown, that existed as of the date the agreement was signed. In contrast, Mr. Knox contends that the release only reached claims that were actually raised in cases that were pending as of the date that the agreement was signed.

  The release covers claims "which arose or could have arisen from the facts alleged or claims made in the Actions, or any other pending litigation, which the Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement." The parties disagree regarding the meaning of this language. Mr. Knox believes that it means that he can file a new case based on a claim that arose during that time period and the defendants believe that he cannot.

  It is possible to read the Settlement Agreement both as Mr. Knox and the defendants suggest. The release could cover claims "which arose or could have arisen from the facts alleged or claims made in the Actions, or any other pending litigation" if Mr. Knox owns these claims, regardless of "whether [the claims are] known or unknown, from the beginning of time until the effective date of this Agreement." Under this reading, future claims would only be barred if they

6

arose or could have arisen from the facts alleged in pending litigation. However, one could also read the release covering claims "which arose or could have arisen from the facts alleged or claims made in the Actions, or any other pending litigation" or claims "which the Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement." Under this reading, claims existing as of the date of the release would be barred.

"The two contrary reasonable readings of paragraph 8 of the Settlement Agreement demonstrate that an ambiguity exists." *Dribeck Importers, Inc. v. G. Heileman Brewing Co., Inc.*, 883 F.2d 569, 576 (7th Cir. 1989).[1] Thus, the court cannot resolve this matter based on the present record. *See id*. Instead, the ambiguity in the Settlement Agreement's language requires the court to consider parol evidence "to explain and determine the intent of the parties." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 993 (7th Cir. 2007). The court notes that in the event that the parol evidence is unhelpful in resolving the ambiguity, the contra proferentem" rule applicable to contract interpretation will apply. *See, e.g., Hess v. Reg-Ellen Machine Tool Corp.*, 423 F.3d 653, 662 (7th Cir. 2005) (under "contra proferentem" rule, language must be "constructed against the drafter").

Accordingly, the parties are directed to submit sworn affidavits addressing any evidence they believe supports their reading of the release in the Settlement Agreement. In the interest of streamlining the proceedings, the court notes that the only issue before the court is whether the settlement prohibits Mr. Knox from filing the instant case. Thus, the parties' affidavits should

---

[1] Perhaps there is something inherently difficult about drafting an unambiguous paragraph 8, as the *Dribeck* case and this case both involve divergent readings of paragraph 8 in their respective contracts.

address the factual basis supporting their interpretation of the release.

## IV. Conclusion

The parties's cross motions for summary judgment [#84 & 97] are denied without prejudice as, based on the present record, the court cannot determine if Mr. Knox's present claims are barred by a release he signed in connection with two prior cases. Mr. Knox's motion to strike the defendants' motion for summary judgment [#98] is denied. Any other pending motions are denied as moot. In addition, by December 28, 2007, the parties shall simultaneously submit affidavits, signed by the parties or their representatives, as detailed in this order. The court reminds the parties that the affidavits must be sworn, notarized, and of evidentiary quality.

E N T E R :

*Blanche M. Manning*
Blanche M. Manning
UNITED STATES DISTRICT COURT

DATED: December 6, 2007